UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BEREKET KAHSAI,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS DEJOY,<br>*U.S. Postmaster General, U.S. Postal Service*<br><br>Defendant. | Civil No. 22-1982 (JRT/DJF)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Bereket Kahsai, 4037 Forty-Second Avenue South, Minneapolis, MN, 55406, *pro se* Plaintiff.

Trevor Brown, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendant.

Plaintiff Bereket Kahsai, an employee of the United States Postal Service, brings this action against the Postmaster General alleging various forms of discriminatory conduct. The Postmaster General moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. Because the factual allegations at issue here are identical to the factual allegations in a parallel suit that Kahsai is actively litigating in this district, and because Kahsai has failed to respond to the Motion to Dismiss, the Court will dismiss all claims for failure to prosecute.

**BACKGROUND**

I. **FACTS**

The Court has previously detailed the factual background giving rise to this lawsuit and will only provide a brief summary here. *See Kahsai v. DeJoy*, No. 20-1060, 2022 WL 1217262, at *1 (D. Minn. Apr. 25, 2022).[1] Plaintiff Bereket Kahsai is a Black male from East Africa and has been a federal employee of the United States Postal Service since 1988. (Compl. ¶ 10, Aug. 9, 2022, Docket No. 1.) Kahsai alleges throughout his Complaint that his lack of promotion, ineligibility for training opportunities, and his reprimand for incidents in July 2016 are due to discrimination on the basis of race, national origin, and his appearance. (*See generally id.* ¶¶ 12–44, 50.) Had Kahsai been promoted and received training, he alleges that his career would have advanced. (*Id.* ¶¶ 16–19, 39.)

In July 2016, Kahsai received two letters of warning ("LOWs") for "Failure to Follow Instructions" and "Failure to Perform the Duties of the Position." (*Id.* ¶ 26.) The LOWs were due to incidents that occurred in June 2016—one of which involved a Caucasian coworker—but in which Kahsai was the only employee reprimanded. (*Id.* ¶¶ 22–25.) Kahsai disputed his LOWs by filing an appeal in August 2016. (*Id.* ¶ 29.) On appeal, the LOW for Failure to Perform the Duties of the Position was downgraded to an "official

---

[1] Although this is a separate case, the operative facts are the same and the only difference between the two complaints are the causes of actions alleged. (*Compare* 20-1060, 2nd Am. Compl., May 5, 2020, Docket No. 20, *with* 22-1982, Compl., Aug. 8, 2022, Docket No. 1.)

discussion," and the LOW for Failure to Follow Instructions was to be expunged subject to the condition that he receive no subsequent disciplinary action. (*Id.* ¶ 31.)

Following the appeal, Kahsai received a Notice of Right to File an Individual Complaint of Discrimination. (*Id.* ¶ 33.) Accordingly, he filed a complaint with the National Equal Employment Opportunity ("EEO") Investigative Services Office in October 2016. (*Id.* ¶ 34.) The complaint was dismissed approximately three weeks later. (*Id.* ¶ 35.) Kahsai then appealed to the Equal Employment Opportunity Commission ("EEOC") Office of Federal Operations. (*Id.* ¶ 36.) Kahsai alleges that, as of August 2022, the EEOC Office of Federal Operations has not issued a decision in his appeal. (*Id.* ¶ 38.) Kahsai alleges that he has suffered increased discrimination and retaliation as a result of disputing the issuance of the LOWs and filing his formal EEO complaint. (*Id.* ¶ 42.)

## II.   PROCEDURAL HISTORY

This is the fifth lawsuit that Kahsai has filed in the District of Minnesota relating to the same operative facts. The first lawsuit was filed in August of 2019 and was subsequently dismissed for failure to prosecute under Fed. R. Civ. P. 41(b). *See Kahsai v. Brennan,* No. 19-2128, 2020 U.S. Dist. LEXIS 56102, at *1 (D. Minn. Mar. 31, 2020).

One month after the dismissal of his first lawsuit, Kahsai filed a second action. (*See* No. 20-1060 ("2020 action"), Compl., May 1, 2020, Docket No. 1.) In the second lawsuit, Kahsai asserted claims for racial and national origin discrimination in violation of Title VII of the Civil Rights Act, retaliation in violation of Title VII of the Civil Rights Act, disability discrimination and failure to promote in violation of the Americans with Disabilities Act

("ADA"), and racial and disability discrimination in violation of the Minnesota Human Rights Act ("MHRA"). (No. 20-1060, 2nd Am. Compl. at 8–15, Apr. 25, 2022, Docket No. 20.)

The Postmaster General moved to dismiss the second lawsuit either because the claims were untimely or because Kahsai's administrative remedies were not exhausted, but the Court denied the motion because it was not clear the claims were time barred. *Kahsai v. DeJoy*, No. 20-1060, 2022 WL 1217262, at *3 (D. Minn. Apr. 25, 2022). The claims for retaliation under Title VII and disability discrimination and failure to promote under the ADA were dismissed because Kahsai failed to exhaust his administrative remedies prior to filing suit in federal district court. *Id.* The MHRA claims were also dismissed as preempted by Title VII. *Id.*

Shortly after the motion to dismiss was denied in the 2020 action, Kahsai submitted two amended complaints in that same action. (*See* No. 20-1060, 3rd Am. Compl., June 23, 2022, Docket No. 50; No. 10-1060, 4th Am. Compl., June 28, 2022, Docket No. 51.) These complaints were identical to each other as well as to the Complaint that initiated the present action. The Postmaster General moved to strike each complaint in the 2020 action because they were filed without leave from the Court and without the Defendant's agreement. (No. 20-1060, Mot. Strike, July 1, 2022, Docket No. 53.) Kahsai indicated that he had meant the new complaints to initiate a new case entirely, rather than to amend the 2020 action. (No. 20-1060, Pl.'s Resp. Mot. Strike at 3, July 15, 2022,

Docket No. 63.) Magistrate Judge Elizabeth Cowan Wright granted the motion to strike because Kahsai did not comply with Federal Rule of Civil Procedure 15 or Local Rules 7.1 and 15.1, and Magistrate Judge Wright also advised Kahsai on how to initiate a new case. (No. 20-1060, Order at 3, Aug. 3, 2022, Docket No. 64.) Before the Magistrate Judge issued the order, Kahsai brought a third lawsuit and a fourth lawsuit, which were both dismissed for failure to prosecute. (*See* No. 22-1518, Order, July 22, 2022, Docket No. 4; No. 22-1563, Order, July 22, 2022, Docket No. 4.)

On August 9, 2022, Kahsai initiated this action—which is his fifth related lawsuit. (*See generally* Compl.) Kahsai asserts nine different claims for discriminatory harassment; harassment affecting a term, condition, or privilege of employment; hostile work environment; violations of 42 U.S.C. §§ 1983, 1981; violation of the Rehabilitation Act under 29 U.S.C. § 791; unlawful employment practice; claim under the EEOC; and intentional infliction of emotional distress. (*Id.* at 5–14.) Though the causes of action differ, the factual allegations asserted in the Complaint are identical to the factual allegations asserted in Kahsai's 2020 action, which is still ongoing.[2]

On November 14, 2022, the Postmaster General moved to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim. (Def.'s Mot. Dismiss,

---

[2] The 2020 action proceeded to discovery in two phases, with the first related to whether the action was timely. (No. 20-1060, Pretrial Scheduling Order at 1, Dec. 7, 2022, Docket No. 73.) After initial discovery, the Postmaster General moved to amend the scheduling order and for permission to move for summary judgment on the timeliness issue, and the Magistrate Judge granted each request. (No. 20-1060, Order at 4, Mar. 22, 2023, Docket No. 91.)

Docket No. 15.)  Under Local Rule 7.1(c)(2), Kahsai was required to respond to the motion by December 5, 2022.  No such response was received.  The Court then issued a Briefing Order that set January 31, 2023, as the new deadline for a response.  (Briefing Order, Jan. 24, 2023, Docket No. 25.)  To date, Kahsai has failed to respond to the Motion to Dismiss.

## DISCUSSION

This action represents one of multiple lawsuits filed by Kahsai that stem from the same set of operative facts and the same underlying allegations.  Although the Postmaster General moved to dismiss this action for lack of subject matter jurisdiction and failure to state a claim, the Court will grant the motion and dismiss the case because Kahsai has wholly failed to prosecute his claims.

Where a plaintiff fails to prosecute or comply with a court order, a defendant may move to dismiss the action or any claim against it.  Fed. R. Civ. P. 41(b).  But the Court may also dismiss an action under Federal Rule of Civil Procedure 41(b) without a motion from the Defendant.  "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (citations omitted).

Kahsai has clearly abandoned this action having missed two clear deadlines to respond to the Postmaster General's Motion to Dismiss.  Thus, "to achieve the orderly and expeditious disposition" of these matters while avoiding the risk of inconsistent

rulings or unintended preclusive effect on Kahsai's 2020 action encompassing the same underlying facts and allegations, the Court will grant the Postmaster General's Motion to Dismiss for failure to prosecute. The case should proceed with one action, the case in 2020.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. That Defendant's Motion to Dismiss [Docket No. 15] is **GRANTED**.

2. Plaintiff's action is **DISMISSED** with prejudice.[3]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: May 16, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge

---

[3] Dismissal with prejudice means that Kahsai may not file another lawsuit pertaining to the same operative facts. This, however, does not impact Kahsai's 2020 action. If Kahsai wishes to amend the 2020 action to make new allegations or raise new claims, he may follow the proper procedure to do so in that case.